915 F.2d 1584
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NCR CORPORATION, Appellant,
v.
The UNITED STATES Appellee.
 No. 89-1454.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1990.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 Appellant, NCR Corporation (NCR) participated in a procurement solicited by the Health Care Finance Administration (HCFA). After award of the contract to an offeror other than NCR and disclosure of the awardee's total evaluated price, HCFA discovered that it had given incorrect information to the offerors while conducting discussions. Thereafter HCFA suspended performance of the contract, reopened the procurement, and required all offerors who desired to participate, to revise their proposals and disclose their total technical scores and evaluated prices. NCR participated in the reopened procurement, but by letter to the contracting officer, NCR stated that its agreement to proceed was coerced and that it reserved all its rights.
 
 
 2
 NCR then filed a protest with the General Services Board of Contract Appeals (GSBCA or Board), contending that (1) HCFA's disclosure of the prices and technical scores of competing offers constituted an "auction technique" prohibited by the Federal Acquisition Regulations (FAR), and (2) that HCFA violated the FAR by failing and refusing to grant NCR adequate debriefing and to conduct meaningful negotiations with NCR. NCR's appeal to this court is from the Board's denial of the protest in NCR Corp. GSBCA No. 9787-P, 89-1, p 21499, Modified on reconsideration, 89-2 BCA p 21,724. The Board's decision was based upon its holding in a related protest by another offeror in the same procurement, i.e., Federal Data Corp., GSBCA No. 9732-P, 89-1 BCA, p 21414.
 
 
 3
 Since we agree with the Board's rationale and the result in the two cases, we affirm the Board's decision, which we supplement as follows:
 
 
 4
 As the Board has acknowledged, HCFA's reopening procedure resulted in a literal violation of the FAR's prohibition against auction techniques. However, the FAR must be construed in harmony with the Competition in Contracting Act (CICA) Pub.L. No. 98369, 98 Stat. 1175 (1984). CICA became effective January 15, 1985, and is applicable in this case. The Act requires that in procuring property or services, government agencies must "obtain full and open competition through the use of competitive procedures" by permitting all responsible sources to submit bids. FAR was revised to conform with CICA in 1985. 50 Fed.Reg. 1729 (Jan. 11, 1985); 50 Fed.Reg. 52489 (Dec. 23, 1985). After a review of the record, we conclude that when the FAR is construed in harmony with CICA, the statute it was designed to implement, the reopening procedure employed by HCFA in this case did not constitute an improper auction. We are assisted in reaching that conclusion by finding that the Board's decision is supported by the following decisions of the Comptroller General: Unisys Corp., B-230019.2, July 12, 1988, 88-2 CPD p 35; The Faxon Co., B-227835.3, B-227835.5, Nov. 2, 1987, 87-2 CPD p 425; Sperry Corp., 65 Comp.Gen. 715 (1986), 86-2 CPD p 48; and Honeywell Information Sys., Inc., 56 Comp.Gen. 506 (1977), 77-1 CPD p 256. In view of the Comptroller General's long and extensive experience in the resolution of contested procurement decisions, his holdings are entitled to great deference. This is especially true in this case, because as this court stated in Honeywell, Inc. v. United States, 870 F.2d 644, 648 (Fed.Cir.1989), Congress in enacting CICA, recognized and strengthened the Comptroller General's involvement in the procurement process.
 
 
 5
 For the reasons stated above, NCR is not entitled to recover its bid proposal and protest costs.